# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
## CENTRAL DIVISION
## AT LEXINGTON

| | |
|---|---|
| GREG REED, et al., | CIVIL ACTION NO. 5:10-288-KKC |
|     **Plaintiffs,** | |
| **V.** | <u>**OPINION & ORDER**</u> |
| STEVE HANEY, Warden, et al., | |
|     **Defendants.** | |

*** *** ***

The plaintiffs in this case bring allegations against ten individually-named defendants for a variety of constitutional claims under § 1983, along with several state-law torts. The defendants in this case move to dismiss forty-one of the plaintiffs on the grounds that they have failed to state a claim for relief against any of the named defendants. (DE 34). For the following reasons, the Court will grant in part and deny in part the defendants' motion.

\* \* \*

This is a civil rights case originally brought by fifty-two individuals currently or formerly incarcerated at Northpoint Training Center. The allegations revolve around a riot at the Northpoint Training Center in August of 2009 and its subsequent aftermath. According to the complaint, "a small group of inmates engaged in rioting behavior," including "loot[ing] and burn[ing] down a portion of the factility. (DE 40, at 9). The defendants in this case—various employees of the Northpoint Training Center—allegedly retaliated against the inmates without distinguishing between those who were and were not involved with the riot. (DE 40, at 9).

The complaint itself contains general factual allegations along with facts that are specific to each plaintiff's case. Generally, the complaint alleges that the defendants "proceeded to abuse and torture the inmates with no distinction between those that were and were not engaged in the riot." (DE 40, at 9). Each plaintiff, however, suffered a distinct form of alleged abuse. Many of the plaintiffs were forced to lie face down on the outdoor baseball field for periods ranging from 24 to 48 hours. These plaintiffs were allegedly denied food, water, shelter from the elements, or the opportunity to use the bathroom. Several of the plaintiffs claim to have been forced to lie in their own urine and feces for several hours, and some were denied an opportunity to shower.

Another group of plaintiffs allege that the defendants created false charges and wrongly convicted the plaintiffs of various offenses relating to the riot. These plaintiffs claim the defendants denied them the opportunity to present evidence that would exonerate them from the charges, and their convictions for the rioting—of which they were not part— violate the Eighth Amendment. Several members of this group also fall within the first. That is, many of the plaintiffs claim both to have been abused on the baseball field *and* to have been falsely charged and convicted of riot-related offenses. Thus, although many of the plaintiffs' claims may be grouped together, the groups are neither mutually exclusive nor coextensive.

Finally, some plaintiffs make claims distinct from the two major groups of allegations. Robert Watts claims he was forced to remain in his cell while part of the prison burned during the riot, which placed him in immediate danger and caused him to breath toxic fumes and smoke. Toney Henry claims he was subjected to harassment and sleep deprivation by the defendants.

Significantly, the majority of plaintiffs do not allege that any of the named defendants committed specific acts that were unlawful. Rather, the complaint repeatedly refers to "unidentified Defendants" as having committed the various constitutional violations. Despite this, the plaintiffs allege that their claims are brought against "Each Individual Defendant," except for the battery claim and the claim brought only against Warden Steve Haney. The plaintiffs claim that "[a]t all relevant times, the individual Defendants participated or acquiesced to the mistreatment of the Plaintiffs described below in their individual capacities." (DE 40, at 8). In other words, the plaintiffs do not contend that *each* named defendant committed particular unlawful acts. Instead, the allegations appear to place blame on all of the defendants collectively for either participating or allowing the unlawful acts, and reserves matching each individual defendant to particular acts for discovery. The plaintiffs explain that they cannot point to particular defendants as having taken specific actions because the nature of the abuse made it impossible to determine who the perpetrators were.

The defendants move for dismissal of the claims brought by forty-one plaintiffs on the grounds that these plaintiffs' factual allegations are insufficient to support a claim for relief. The crux of the defendants' argument is that the plaintiffs fail to allege that *any* of the named defendants in this case took the unlawful acts complained of, and in many cases the claims are bare allegations of legal conclusions. In their response and sur-reply, the forty-one plaintiffs concede that five of them cannot satisfy the pleading standards and should be dismissed. (DE 44, at 1). These plaintiffs, Anthony Edwards, Justin Moore, Eric Watts, Ricky Lee, and Matthew Johnson, are therefore dismissed.

## ANALYSIS

As a general matter, the plaintiffs cannot prevail against a motion to dismiss without bringing specific allegations against the named defendants. "Although the complaint need not contain 'detailed factual allegations,' Rule 8(a)(2) of the Federal Rules of Civil Procedure 'demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.'" *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "As the Supreme Court explained in *Iqbal*: 'A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.'" *Id.* Moreover, "it is well settled that 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Id.* "A claim is plausible on its face if the 'plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Id.* Plausibility "asks for more than a sheer possibility that the defendant acted unlawfully." *Iqbal*, 556 U.S. at 678.

In this regard, it is insufficient for the plaintiffs to allege only that "[a]t all times relevant, the individual Defendants participated or acquiesced to the mistreatment of the Plaintiffs described below in their individual capacities" (DE 40, at 8) without making "further factual enhancement." *Center for Bio-Ethical Reform*, 648 F.3d at 369. If the plaintiffs wish to bring suit against named defendants, they *must* allege that each individual defendant took unlawful action. *See Ghandi v. Police Dep't of City of Detroit*, 747 F.2d 338, 352 (6th Cir. 1984) ("As a general rule, mere presence at the scene of a search, without a showing of direct responsibility for the action, will not subject the officer to

liability."). Stating only that unknown defendants committed particular unlawful acts will not sustain a claim against the individually named defendants in this case, and this flaw in the complaint will not be saved by a conclusory, naked assertion that all named defendants "participated or acquiesced to the mistreatment." With these principles in mind, the Court will examine the defendants' motion with respect to each plaintiff.

## A. First Group of Plaintiffs

The defendants first move for dismissal of the claims brought by the following plaintiffs: Aaron Fisk, Anthony Anderson, Mark Anderson, Stacy Newell, John Pound, Greg Reed, Bobby Hoskins, Shawn Wilson, Ryan McCorkle, Dustin Brumley, Joseph Pitman, Timothy Riley, Clifton Boards, Tyrone Chandler, Nathan Standard, Jared Derkson, and Miguel Battle. These plaintiffs all allege that they were forced to lie face-down on the baseball field for at least twenty-four hours without food, water, or an opportunity to use the bathroom. Some of the plaintiffs make further allegations regarding abuse, such as being slammed into the wall, choked or being placed into the "hole" without reason. With the exception of Greg Reed, however, none of these plaintiffs name a single defendant in this case as the alleged perpetrator of the unlawful conduct. Reed does not name a defendant as being responsible for being forced onto the baseball field, but he does allege that Sergeant Harris "flex cuffed" him and caused him to fracture his hand. (DE 40, at 15).

These plaintiffs, excluding Greg Reed, must be dismissed for having failed to state a claim for relief against any of the defendants. The plaintiffs mistakenly contend that they have in fact made allegations against the defendants because their complaint states generally that *all* of the defendants "participated or acquiesced in" the misconduct. But this is insufficient as such an allegation is nothing more than a "naked assertion[ ] devoid of further factual enhancement." *Center for Bio-Ethical Reform*, 648 F.3d at 369. The

plaintiffs admit that they do not know which defendants actually committed the unlawful acts. In their response memorandum, they write that "[w]hile the individual factual allegations listed in the Second Amended Complaint do not list who specifically did what to whom, [the complaint] specifically states that all of the named Defendants were responsible for those actions." (DE 36, at 2). Left unsaid is exactly how each of these defendants might have been responsible. The plaintiffs have not even alleged that all of the defendants were present when each act of abuse occurred. Without more, such a general and conclusory allegation is insufficient to draw a plausible inference that the named defendants in this case are liable for the alleged misconduct.

Nor are the plaintiffs' claims saved through its claim against Warden Steve Haney for instituting unconstitutional policies with regard to supervision and medical treatment. Not one of the forty-one plaintiffs that the defendants seek to dismiss make a single factual allegation against Haney other than the conclusory claim that he promulgated unconstitutional policies. These allegations, present in the sixth claim for relief, amount to nothing more than "legal conclusions couched as [ ] factual allegation[s]" and are not enough to meet Rule 8's pleading standard. *See Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The plaintiffs contend that Haney's responsibility can be "inferred" simply because he was the head of Northpoint Training Center. (DE 36, at 2). But such inferences are exactly what *Iqbal* declared insufficient: the Court will not infer that Haney committed wrongdoing simply by virtue of his office, and the plaintiffs cannot simply recite the elements of a cause of action to overcome the requirement that they plead sufficient *facts* to make it plausible they are entitled to relief from the named individual defendants.

Finally, the plaintiff cannot prevail against a motion to dismiss under Rule 12(b)(6) by simply claiming that the necessary information to assert specific claims against these

defendants is available only through discovery. "The plaintiff may not use the discovery process to obtain these facts after filing suit." *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011). "Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678–79. The Sixth Circuit Court of Appeals "has rejected the argument that a claim should survive a motion to dismiss on the basis that necessary information is exclusively within the defendant's control, even in the context of the less rigorous pleading requirements of the Federal Rule of Civil Procedure 8." *Chesbrough v. VPA, P.C.*, 655 F.3d 461, 472 (6th Cir. 2011) (citing *New Albany Tractor*, 650 F.3d at 1050–51).

Thus, to the extent that these plaintiffs have all alleged only that they were harmed by unknown defendants and tacked onto those allegations a conclusory statement that these ten defendants participated or acquiesced in the unlawful conduct, their claims must be dismissed. The allegation that these named defendants participated or acquiesced in their mistreatment, without further factual support, is nothing but a naked legal assertion disguised as factual content. The following plaintiffs' claims are therefore dismissed: Aaron Fisk, Anthony Anderson, Mark Anderson, Stacy Newell, John Pound, Bobby Hoskins, Shawn Wilson, Ryan McCorkle, Dustin Brumley, Joseph Pitman, Timothy Riley, Clifton Boards, Tyrone Chandler, Nathan Standard, Jared Derkson, and Miguel Battle.

Plaintiff Greg Reed, however, will not be dismissed as his complaint does allege specific facts against a named defendant. In the complaint, Greg Reed alleges that Defendant Harris flex cuffed him, pushed him in a manner that caused him to fall on his face, and fractured his wrist. Thus, to the extent that Reed makes allegations against Harris his

claims will not be dismissed. But for the reasons stated above, the Court will grant the motion to dismiss Reed's claims against the other nine defendants.

## B. Second Group of Plaintiffs

Although grouped differently in the defendants' motion to dismiss, the second group of plaintiffs face a similar problem. Their allegations primarily center around a claim that they were wrongly convicted for engaging in the riots and deprived of their constitutional right to present exculpatory evidence. As with the first group of plaintiffs, however, none of these plaintiffs point to a single individual defendant as being responsible for misconduct, instead relying again on the catchall conclusory statement that *all* of the defendants participated or acquiesced in the unlawful conduct. For the same reasons stated as above, the following plaintiffs' claims will be dismissed: Justin Murray, Derone Whittle, Demetrius Davis, Scott Canada, Leslie Emerson, Pernell Bibb, Johnny Cissell, Robert L. Williams, Joseph Carr, William Strange, Kelly Edwards, Antonio House-Bey, Gregory Lovelace, Johnny McKinney, Robert Williams, and Hezzie Bowman.

The defendants include Shawn Wright in this group, but like Greg Reed, Shawn Wright asserts specific factual allegations against Defendant Harris. He claims that Harris "ran to Mr. Wright and kicked him in the face while he was laying face down on the ground with his hands on top of his head." (DE 40, at 31). He also asserts that Harris "jumped on [his] back and started punching, kicking, and beating [him] with a club." (DE 40, at 31). Finally, Wright alleges that Harris "slapped the glasses off of Mr. Wright's face, and stomped on them." (DE 40, at 31). Thus, the defendants are mistaken in asserting that Wright does not make any factual allegations against the named defendants in this case. For this reason, Shawn Wright's claims will be dismissed as to the nine defendants he does not name, but the claims asserted against Defendant Harris will remain.

## C. Claims by Robert Watts and Toney Henry

Finally, two of the plaintiffs do not fall within either of the general groups described by the defendants. These plaintiffs assert different instances of unlawful conduct, but like the other plaintiffs named in this motion to dismiss they fail to allege that any particular named defendant was responsible for the misconduct. Robert Watts alleges he was not permitted to evacuate during the riot and while his dorm was on fire. According to the complaint, this caused him to "breathe toxic fumes and smoke because he was held in his dorm while it was on fire." (DE 40, at 23). Toney Henry alleges that he "was placed in the 'hole,'" and that unidentified defendants "harassed and mentally abused" him. (DE 40, at 25). He further alleges that these unidentified defendants "would purposefully frighten [him] by slamming trays in the tray slot, and slamming the fire proof exit doors while he was attempting to sleep, resulting in sleep deprivation." (DE 40, at 25).

Just as with the other plaintiffs discussed above, neither Watts nor Henry name any of the individual defendants in this case as the perpetrator of the misconduct other than relying on the generic and naked assertion that all ten defendants approved of, participated in, or acquiesced in the misconduct. For the reasons stated above, their claims will therefore be dismissed.

## CONCLUSION

Accordingly, and for the above-stated reasons, **IT IS ORDERED** that the defendants' motion to dismiss is **GRANTED IN PART** and **DENIED IN PART** as follows:

1. The defendants motion to dismiss all claims brought by plaintiffs Aaron Fisk, Anthony Anderson, Mark Anderson, Stacy Newell, John Pound, Bobby Hoskins, Shawn Wilson, Ryan McCorkle, Dustin Brumley, Joseph Pittman, Timothy Riley, Clifton Boards, Tyrone Chandler, Nathan Standard, Jared Derkson, Miguel Battle,

Robert Watts, Toney Henry, Justin Murray, Derone Whittle, Demetrius Davis, Scott Canada, Leslie Emerson, Pernell Bibb, Johnny Cissell, Robert L. Williams, Joseph Carr, William Strange, Kelly Edwards, Antonio House-Bey, Gregory Lovelace, Johnny McKinney, Robert Williams, Hezzie Bowman, Anthony Edwards, Justin Moore, Eric Watts, Ricky Lee, and Matthew Johnson is **GRANTED** and these plaintiffs' claims are **DISMISSED**; and

2. The defendants' motion to dismiss claims brought by Greg Reed and Shawn Right against Steve Haney, Officer Weitzel, Sergeant Stevens, Sergeant Humpfleet, Officer Lunsford, Officer Aaron Mankin, Officer Vaught, Officer Chamberlain, and Sergeant Childress is **GRANTED** and these claims are **DISMISSED**;

3. The defendant's motion to dismiss claims brought by Greg Reed and Shawn Right against Defendant Sergeant Harris is **DENIED**.

Dated this 20th day of March, 2014.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY